Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED INJURY LAW
6250 N. Durango Drive
Las Vegas, Nevada 89149
Telephone: (702) 820-0000
Facsimile: (702) 820-1111
E-mail: josh@bensonallred.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICE OF NEVADA

| | |
|---|---|
| FRANCISCO PEREZ DEL RIVERO. individually;<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC d/b/a ALBERTSONS a limited liability company; DOES I - V; and ROE CORPORATIONS VI - X, inclusive,<br><br>　　　　Defendants. | Case No.: 2:21-cv-02111-JAD-BNW<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER** |

　　　　Pursuant to Local Rule 26-1(e), the parties submit their proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day.

　　　　1. **Meeting**: Pursuant to FRCP Rule 26(f), a meeting was held on January 6, 2022, and was attended telephonically by Joshua Benson, Esq. of BENSON ALLRED INJURY LAW for Plaintiff and Jack P. Burden, Esq. of BACKUS, CARRANZA & BURDEN for Defendant.

　　　　2. **Pre-Discovery Disclosures**: Pursuant to FRCP Rule 26(a)(1), the parties will make their pre-discovery disclosures, including but not limited to any Computation(s) of Damages required pursuant to FRCP 26(a)(i)(A)(iii), by January 20, 2022.

　　　　3. **Areas of Discovery**: The parties agree that the areas of discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

1

4. **Discovery Plan**:  The parties propose the following discovery plan:

**Discovery Cut-off Date(s)**:  Defendant Albertsons first appeared in this matter by filing an Answer on November 29, 2021. Defendant then filed a notice of removal on November 30, 2021.

The parties request additional time in the amount of 60 days beyond the 180 days allowed for under the Federal Rules of Civil Procedure. Namely, the parties request a discovery period of one year. The additional time and special discovery scheduling is warranted because of the following: (1) in their experience, due to the COVID pandemic, counsel has experienced delays in conducting discovery in other cases despite their diligent efforts and would anticipate that to be the case in this matter as well, especially in obtaining records;  (2) Plaintiff has been recommended for additional treatment; (3) Plaintiff has seen at least nine medical providers; (4) Plaintiff's complete medical records and documentation to be obtained and analyzed; (5) the need for Defendant to retain and provide documentation to medical expert(s), which will  likely include a Rule 35 examination of Plaintiff; and (6) depositions of treating providers and experts.

This request for additional time is not meant for the purposes of delay or with any dilatory motive. The parties request that discovery close on September 3, 2022.

    A.  **Amending the Pleadings and Adding Parties**:

The parties shall have until June 3, 2022, to file any motions to amend the pleadings to add parties. This is 90 days before the discovery cut-off date.

    B.  **FRCP 26(a)(2) Disclosure of Experts**:

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2) and LR 26-1(e)(3) as follows: the disclosure of experts and their reports shall occur on or before July 5, 2022. The disclosure of rebuttal experts and their reports shall occur on or before August 4,

2

2022. The expert disclosure deadline is 60 before the discovery cut-off date and the rebuttal expert disclosure deadline is 30 days after the initial expert disclosure deadline.

   C. **Interim Status Report**:

The parties shall file the interim status report by <u>July 5, 2022</u>, 60 days before the discovery cut-off date, as required by LR 26-3.

   D. **Dispositive Motions**:

The parties shall have until <u>October 3, 2022</u>, to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(e)(4).

   E. **Pre-Trial Order**:

 The parties will prepare a Consolidated Pre-Trial Order on or before <u>November 2, 2022</u>, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(e)(5). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be included in the pre-trial order.

   F. **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order.  If the Court does not have questions, the parties do not request a conference with the Court.

   G. **Authorizations**: Plaintiff will execute the authorizations provided by Defendant.

   H. **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties

do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

       I. **Alternative Dispute Resolution:** The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

       J. **Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. section 636(c) and Fed. R. Civ. P. 73 and the use of the short trial program (General Order 2013-01). The parties do not consent to trial by magistrate judge or use of the short trial program.

       K. **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations in this regard at this time.

DATED: February 2 , 2022.

/s/ *Joshua Benson*
Joshua L. Benson, Esq.
Nevada Bar No. 10514
BENSON ALLRED INJURY LAW
6250 N. Durango Drive
Las Vegas, Nevada 89149
*Attorneys for Plaintiff*

/s/ *Jack Burden*
Jack P. Burden, Esq.
Nevada Bar No. 6918
BACKUS, CARRANZA & BURDEN
3050 S. Durango Drive
Las Vegas, NV 89117
*Attorneys for Defendant Albertsons, LLC*

## ORDER

IT IS ORDERED that ECF No. 6 is DENIED without prejudice. The parties state that they seek an additional 60-days beyond the standard 180-day discovery plan. However, they also state that they seek a year for discovery. Additionally, the dates proposed by the parties reflect an additional 90-days beyond the standard 180-day discovery plan. In short, the Court is unsure what amount of time the parties seek for discovery. IT IS FURTHER ORDERED that the parties must file a new, proposed discovery plan and scheduling order by 2/7/22 and may not seek more than an additional 90-days beyond the standard 180-day discovery plan.

IT IS SO ORDERED
DATED: 11:12 am, February 03, 2022

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE